Mark Wilk, OSB #814218
mwilk@oregonlawcenter.org
Shannon Garcia, OSB #162178
sgarcia@oregonlawcenter.org
Oregon Law Center
230 W. Hayes St.
Woodburn, OR 97071
Phone: (503) 981-0336
Fax: (503) 981-0373

David Henretty, OSB 031870
dhenretty@oregonlawcenter.org
Oregon Law Center
522 SW 5th Ave, Suite 812
Portland, OR 97204

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MANUEL PEREZ,  ANTONIA CORDOBA GOMEZ, GILBERTO CARRILLO, individually and on behalf of all others similarly situated, | Civil No. |
| | CLASS ACTION ALLEGATION COMPLAINT |
| Plaintiffs, | |
| v. | ( Migrant and Seasonal Agricultural Worker Protection Act, Camp Operator Registration Act, Oregon Contractors Registration Act, Oregon Wage Statutes) |
| PLANASA OREGON OPERATIONS, LLC, NEXTCROP, INC., SUGAR PINE HOTEL, INC., DBA MAJESTIC INN & SUITES | |
| Defendants. | |

1—CLASS ACTION ALLEGATION COMPLAINT

## I.     PRELIMINARY STATEMENT.

1.  Plaintiffs are migrant agricultural workers who were recruited to work in agriculture in Klamath Falls, Oregon in 2017 and were provided agricultural labor housing under conditions that violate federal and state agricultural worker protection statutes. None of the defendants are registered or licensed to provide migrant agricultural housing in Oregon.

2.  The Oregon Occupational Safety and Health Division (OR-OSHA) cited nineteen occupational safety and health violations, including six serious violations of law: the housing was not registered to house migrant agricultural workers; fire extinguishing equipment was not readily available; separate sleeping areas were not provided for unrelated persons of each sex and each family unit; unrelated individuals were required to share beds; adequate sleeping space was not provided; and not all electrical fixtures were protected from breakage.

3.  Plaintiffs bring this action on behalf of themselves and all others similarly situated to enjoin defendants from providing migrant agricultural labor housing without proper registration, licensing and inspection to recover statutory damages for violations of the federal Migrant and Seasonal Agricultural Worker Registration Act (AWPA), Oregon Camp Operators Registration Act (CORA), Oregon Contractor Registration Act (OCRA), and Oregon wage payment statutes.

## II.     JURISDICTION AND VENUE

4.  Jurisdiction is conferred on this Court by 29 U.S.C. §1854(a)(AWPA), 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1337 (interstate commerce).

5.  This Court has supplemental jurisdiction of the Oregon law claims under 28 U.S.C. §1367, as all claims are so related as to form part of the same case or controversy.

2—CLASS ACTION ALLEGATION COMPLAINT

6. Venue is proper in the District of Oregon pursuant to 28 USC § 1391(b)(2) because the City of Klamath Falls is in this district and the events giving rise to plaintiffs' claims occurred in this district.

### III.    PARTIES

7. Plaintiffs, at all times relevant to this action, were migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. §1802(8)(a), in that they were employed in agricultural labor of a seasonal or temporary nature and were required to be absent overnight from their permanent place of residence.

8. Defendant Planasa Oregon Operation, LLC., ("Planasa") is a domestic limited liability company registered in Oregon with its principal place of business in Klamath Falls, OR and was at all relevant times an agricultural employer under AWPA, 29 U.S.C. §1802(2), that provided and controlled migrant agricultural worker housing, 29 U.S.C. § 1821(c)and 1823.

9. Defendant Nextcrop, Inc., ("Nextcrop") is a California corporation with its primary physical location in Los Banos, California and was at all relevant times a farm labor contractor under the AWPA, 29 U.S.C. §1802(7), that provided and controlled migrant agricultural worker housing, 29 U.S.C. § 1821(c)and 1823.

10. Defendant Majestic Inn & Suites ("Majestic") is an Oregon assumed business name for Sugar Pine Hotel, Inc., an Oregon domestic corporation with its primary place of business in Klamath Falls, OR and at all times owned or controlled migrant agricultural worker housing under the AWPA, 29 U.S.C. § 1823.

### IV.    FACTUAL ALLEGATIONS

11. Plaintiffs were employed by defendants Planasa and Nextcrop to perform agricultural labor for defendant Planasa in Klamath Falls, Oregon in 2017.

3—CLASS ACTION ALLEGATION COMPLAINT

12. Defendant Planasa contracted with defendant Nextcrop to recruit plaintiffs and other workers in 2017 to harvest, trim, and pack strawberry plants and complete other tasks as assigned by defendants Planasa and Nextcrop at the Planasa Strawberry plant in Klamath Falls, Oregon.

13. While employed, defendants Planasa, Nextcrop and Majestic provided plaintiffs and other migrant workers agricultural labor housing at the Majestic Inn and Suites in Klamath Falls, Oregon.

14. Defendant Planasa contracted with defendant Majestic to rent the entire facility, including the manager's unit, 17 rooms and a singlewide trailer, to house its migrant workforce.

15. Defendants Planasa, Nextcrop and Majestic coordinated the provision of housing for plaintiffs and other migrant agricultural workers at the Majestic.

16. Defendants Planasa, Nextcrop and Majestic provided housing and cooking facilities exclusively to migrant agricultural workers between mid-September and the first week of November 2017.

17. The housing provided by defendants Planasa, Nextcrop and Majestic to plaintiffs and other migrant workers was unsafe, unhealthy, and in violation of the law.

18. During the time defendants exclusively housed migrant agricultural workers at the Majestic the agricultural labor housing was not registered with the Oregon Occupational Safety and Health Division (OR-OSHA) in 2017, as required by the federal AWPA 29 U.S.C. § 1823(b)(1) and Oregon CORA, ORS 658.750(1).

19. Fire extinguishing equipment was not readily accessible to approximately sixty-eight of the workers housed at the Majestic.

20. Plaintiffs and other workers were assigned to share rooms with unrelated persons of the opposite sex and were not provided with separate or private sleeping quarters.

4—CLASS ACTION ALLEGATION COMPLAINT

21. Plaintiff Gilberto Carrillo and other migrant agricultural workers were required to share beds with unrelated persons.

22. While housed at the Majestic, plaintiffs and other workers were housed in overcrowded living conditions and did not have at least 50 square feet of floor space per worker.

23. Plaintiffs and other workers were unable to wash their clothing while housed at the Majestic as the washer and dryer in the laundry facilities at the Majestic were not operational.

24. Plaintiffs and other workers did not have access to the appropriate number of cooking burners making it difficult to cook meals as needed while housed at the Majestic.

25. Plaintiffs and other workers did not have access to safe and sanitary cooking facilities, in that they were required to prepare their meals using an outdoor facility equipped with only a dirt floor; the cooking facility lacked screens or other protection from pests; it did not have a heating source; it did not have lighting; and at one point the water to the cooking facility was turned off.

26. Plaintiffs and other workers were exposed to standing water in the common use cooking and eating facility due to a lack of adequate drainage.

27. Plaintiffs and other workers did not have access to a sink in the common use cooking and eating facility.

28. Plaintiffs and other workers were not provided an adequate number of tables and chairs, and plaintiffs and other workers had to stand to eat and they were not all able to prepare their meals on tables.

29. Plaintiffs and other workers were exposed to potential accidental contact with live electrical parts because electrical fixtures and faceplates were not maintained in good repair.

5—CLASS ACTION ALLEGATION COMPLAINT

30. Defendants Planasa and Nextcrop willfully failed to pay plaintiffs and other migrant agricultural workers their final pay immediately upon termination of their employment.

31. Defendants' actions were intentional for purposes of the AWPA.

32. Plaintiffs have attempted in good faith to resolve the issues in dispute without litigation.

33. Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries (BOLI) prior to filing this civil action.

34. Plaintiffs and prospective class members have suffered damages by being required to live in unsafe and unhealthy agricultural labor housing, and will be subject to the real threat of having to continue to live in unlawful housing conditions in the absence of injunctive relief.

35. Plaintiffs and other migrant workers will continue to work in agriculture and suffer harm unless defendants are enjoined from future law violations pursuant to 29 U.S.C. § 1854(c), ORS 658.475 and ORS 658.805(3).

36. Plaintiffs have been required to obtain the services of an attorney to enforce their rights and seek attorney fees pursuant to ORS 658.805(4), ORS 658.475, and ORS 652.200(2).

## V.    CLASS ALLEGATIONS

37. Plaintiffs bring this action pursuant to Fed. R. Civ. Pro. 23 (b)(3) on behalf of themselves and all other workers housed at the Majestic by defendants during the 2017 season.

38. Plaintiffs estimate the class size to be approximately 60 to 80 migrant workers.

39. The class is so numerous that joinder of all members is impracticable.

40. There are questions of law or fact common to the class, including:

   a. Defendants did not register their agricultural labor housing with OR-OSHA.

   b. Defendants failed to register as licensed farm labor contractors to provide agricultural labor housing.

6—CLASS ACTION ALLEGATION COMPLAINT

  c. Defendants failed to ensure that the housing substantially complied with applicable law relating to the health, safety, or habitability of migrant housing.

  d. Defendant Nextcrop failed to provide written disclosure of terms and conditions of employment and housing and failed to pay all wages due immediately upon termination of employment of the migrant workers.

41. The claims of the named plaintiffs are typical of the claims of the class, and these common claims predominate over any individual claims.

42. The named plaintiffs will fairly and adequately protect the interests of the class.

43. Counsel for plaintiffs has extensive experience representing migrant farmworkers such as plaintiffs in complex, multiparty litigation, including class actions.

44. Maintenance of this action as a class action is superior to all other available methods to fairly and efficiently adjudicate the controversy because:

  a. Class members are low-income, predominately Spanish-speaking, migrant farmworkers for whom the availability of individual actions is extremely limited;

  b. No known litigation of these claims is now ongoing;

  The claims are the same for all class members;

  c. All claims of class members arose in Oregon, all claims can be adjudicated in this action, and all claims and all parties are represented by Oregon counsel;

  d. The claims of class members are for statutory damages for each violation, and the exact number of violations is known or readily ascertainable by defendants.

  e. The amount of statutory damages is set by statute or capable of determination on a class basis, and

  f. Management of the class is not likely to be difficult.

45. To the extent that any member of the class could afford individual litigation, it would be unduly burdensome to the judicial system, and concentrating this litigation in one forum will promote judicial economy, consistency, and parity among the claims of individual members of the class.

## VI.    FIRST CLAIM FOR RELIEF:
Violations of the federal Migrant and Seasonal Agricultural Workers Protection Act (AWPA)

46. Defendant Nextcrop violated 29 U.S.C. § 1812(3) by providing migrant agricultural labor housing without authorization in its certificate of registration as a farm labor contractor.

47. Defendant Planasa violated 29 U.S.C. § 1842 by utilizing the services of defendant Nextcrop in providing migrant agricultural labor housing when defendant Nextcrop was not authorized to do so.

48. Defendants Planasa and Nextcrop violated 29 U.S.C. § 1821(c ) by failing to post in a conspicuous space or present to plaintiffs and the other migrant agricultural workers to whom it provided housing a statement of the terms and conditions of occupancy of such housing.

49. Defendants Planasa, Nextcrop and Majestic violated 29 U.S.C. § 1823(a) by failing to ensure that the facility complies with federal and state health and safety standards for migrant agricultural housing.

50. Defendants Planasa, Nextcrop and Majestic violated 29 U.S.C. § 1823(b)(1) by providing migrant agricultural housing without obtaining pre-occupancy certification of the housing by OR-OSHA.

51. Defendants Planasa, Nextcrop and Majestic violated 29 U.S.C. § 1823(b)(1) by failing to post a certificate of occupancy issued by OR-OSHA.

52. Defendants Planasa and Nextcrop violated 29 U.S.C. § 1822(a) by failing to pay plaintiffs and other migrant workers their final pay when due.

53. Plaintiffs seek injunctive relief against defendants for the above-listed violations pursuant to 29 U.S.C. § 1854(c).

54. Plaintiffs seek statutory damages on behalf of themselves and all other migrant agricultural workers similarly situated in the amount of $500 per person per violation pursuant to 29 USC § 1854(c ).

## VII.    SECOND CLAIM FOR RELIEF
### Violations of the CORA, ORS 658.750

55. Defendants Planasa, Nextcrop and Majestic violated ORS 658.755(2)(a) by not registering the agricultural labor housing with OR OSHA, pursuant to ORS 658.750(1).

56. Defendants Planasa, Nextcrop and Majestic violated ORS 658.717(1) by failing to post a required informational notice on a form provided by OR-OSHA.

57. Defendants Planasa, Nextcrop and Majestic violated ORS 658.755(2)(e) by failing to comply with all applicable health and safety laws.

58. Defendants Planasa, Nextcrop and Majestic violated ORS 658.755(1)(c) by assisting a person not entitled to operate agricultural labor housing to act in violation of ORS 658.705 to 658.850, or ORS 658.405 to 658.503, or ORS Chapter 654.

59. Defendants Planasa and Nextcrop violated ORS 658.730(2) by failing to post conspicuously a farm labor contractor indorsement to operate agricultural labor housing.

60. Plaintiffs seek injunctive relief pursuant to ORS 658.805(3) to enjoin defendants from committing the above-listed violations in the future.

61. Plaintiffs seek statutory damages on behalf of themselves and all prospective class members of $500 pursuant to ORS 658.805(4).

9—CLASS ACTION ALLEGATION COMPLAINT

62. Plaintiffs seek attorney fees pursuant to ORS 658.805(4).

## VIII.    THIRD CLAIM FOR RELIEF
Violations of the Oregon Contractor Registration Act (OCRA).

63. Defendants Planasa, Nextcrop and Majestic violated ORS 658.410(1) by not being licensed with the Oregon Bureau of Labor and Industries (BOLI)to provide agricultural labor housing housing as farm labor contractors.

64. Defendants Planasa, Nextcrop and Majestic violated ORS 658.440(2)(b) by providing agricultural labor housing that failed to substantially comply with laws relating to the health, safety or habitability of the housing.

65. Defendants Planasa, Nextcrop and Majestic violated ORS 658.440(3)(e) by assisting an unlicensed person to act in violation of ORS 658.405 to 658.503.

66. Plaintiffs seek injunctive relief pursuant to ORS 658.475 to enjoin defendants Planasa, Nextcrop and Majestic from using unlicensed farm labor contractors to operate agricultural labor housing.

67. Plaintiffs seek statutory damages of $2000 pursuant to ORS 658.475 on behalf of themselves and all prospective class members.

68. Plaintiffs seek statutory damages on behalf of themselves and all prospective class members of $1000 per person per violation pursuant to ORS 658.453(4).

69. Plaintiffs seek attorney fees pursuant to ORS 658.453(4).

## IX.    FOURTH CLAIM FOR RELIEF
Wage violations

70. Defendants Planasa and Nextcrop violated ORS 652.145 by willfully failing to pay plaintiffs and other migrant workers their final pay immediately upon termination of their employment.

10—CLASS ACTION ALLEGATION COMPLAINT

71. Plaintiffs seek statutory penalty wages to ORS 652.150 on behalf of themselves and all prospective class members.

72. Plaintiffs seek attorney fees pursuant to ORS 652.200(2).

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask the Court for the following relief:

1. Certification of the class as defined above;

2. Injunctive relief enjoining defendants from housing migrant workers in unregistered agricultural labor housing, and from operating as unlicensed farm labor contractors, pursuant to   29 U.S.C. § 1854(c), ORS 658.475 and ORS 658.805(3);

3. On their First Claim for Relief (AWPA), statutory damages of $500.00 per violation per worker, pursuant to 29 U.S.C. § 1854(c).

4. On their Second Claim for Relief (CORA), statutory damages of $500.00 per worker, pursuant to ORS 658.805(4).

5. On their Third Claim for Relief (OCRA), statutory damages of $1,000.00 per violation per worker, pursuant to ORS 658.453(4).

6. On their Third Claim for Relief (OCRA), statutory damages of $2,000.00 per worker, pursuant to ORS 658.475.

7. On their Fourth Claim for Relief (Penalty Wages), statutory penalty wages per worker, pursuant to ORS 652.150.

8. Plaintiffs' costs and attorney fees, pursuant to ORS 658.805(4), ORS 658.453(4), ORS 658.475, and ORS 652.200(2).

9. To award plaintiffs such other relief as may be just, reasonable and proper.

11—CLASS ACTION ALLEGATION COMPLAINT

DATED: September 12, 2019

OREGON LAW CENTER

s/ Mark J. Wilk
Mark J. Wilk, OSB No.814218
Of Attorneys for Plaintiffs
Telephone: (503)981-0336

Of Attorney for Plaintiffs

12—CLASS ACTION ALLEGATION COMPLAINT