IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MANUEL PEREZ, ANTONIA CORDOBA GOMEZ, GILBERTO CARRILLO, Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>PLANASA OREGON OPERATION, LLC, NEXTCROP, INC., SUGAR PINE HOTEL, INC., FKA LAKSHMI MANAGEMENT, INC., DBA MAJESTIC INN & SUITES,<br><br>    Defendants. | Case No. 1:19-cv-01477-AA<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

AIKEN, District Judge:

The Court issued an Order Conditionally Certifying Class and Granting Preliminary Approval of Class Settlement on September 16, 2020 pursuant to

plaintiffs' unopposed motion, filed June 18, 2020, and the parties' proposed settlement of this class action. The Court found that this Action meets the requirements for class certification under Federal Rule of Civil Procedure 23 and that the proposed settlement is one that could ultimately be given final approval by this Court as fair, adequate and reasonable, when balanced against the probable outcome of further litigation. The Court approved the form and content of the Notice of the proposed settlement and Claim Form, approved the procedures for providing notice, and approved the procedures and timing for Class members to opt-out or object to the proposed settlement.

The parties now seek final approval of the class action settlement pursuant to plaintiffs' unopposed motion, filed April 21, 2021. A Fairness Hearing was held on July 15, 2021. Having considered the Motion and its supporting documents and exhibits (docs. 67 - 71), no objections to the settlement having been filed, no class members having filed opted out of the settlement, and having heard from counsel during the Fairness Hearing, the Court issues the following Order:

1. The Court finds that this Action has met the requirements for class certification under Federal Rule of Civil Procedure 23 and should be resolved as a class action. The Class Members are so numerous that joinder of all of them in this lawsuit is impracticable. There are questions of law and fact common to the Class Members, which predominate over any individual questions. The claims of Named Plaintiffs are typical of the claims of the Class Members. Named Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members. Class treatment of these claims is efficient and

manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

2. The Settlement Class is defined as all agricultural workers whom Nextcrop employed to work in agriculture for Planasa in Klamath Falls, Oregon, in 2017 and who, in connection with their work for Nextcrop at the Planasa location, lodged at the Majestic Inn & Suites.

3. The Court finds that the distribution of the Notice to individual Class Members in the manner and form set forth in the Agreement and Preliminary Approval Order met the requirements of due process under the Constitution and Rule 23(e). The Court further finds that the additional efforts of Class Counsel and the Settlement Claims Administrator to provide actual notice to Class Members of the lawsuit and proposed settlement was the best practicable under the circumstances and constitutes due and sufficient notice to all persons entitled thereto.

4. The Court finds that pursuant to the Class Action Fairness Act, ("CAFA"), 28 U.S.C. § 1715, notice of the proposed settlement was provided to appropriate government entities in Arizona, California and Oregon, and to the US Department of Justice, on March 17, 2021 and no concerns or objections from any government entities have been received.

5. The Court finds that the Agreement should be given final approval by this Court, as fair, adequate and reasonable as to all potential Class Members. The Court finds that the proposed settlement was reached as a result of intensive, non-

collusive, arms-length negotiations, using an experienced, independent mediator. The Court finds that because of speedy, voluntary discovery, counsel for the Parties at this time were reasonably able to evaluate their respective positions. The Court finds that settlement will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this Action.

6. The Court approves the Settlement Agreement as fair, reasonable, adequate, and binding on all Class Members.

7. The Court enjoins all Class Members who did not opt out from pursuing and/or seeking to reopen claims that have been released by the Agreement.

8. The Court orders the Settlement Claims Administrator to distribute Settlement Checks to the Authorized Claimants and Service Awards to the Named Plaintiffs as described in the Agreement from the Qualified Settlement Fund.

9. The Court orders that the Settlement Administration Funds and Class Counsel's Attorney Fees and Costs be paid from the Qualified Settlement Fund.

10. The Court orders the Settlement Claims Administrator to (i) provide verification to Class Counsel and Defendants' Counsel that he has distributed the Settlement Checks; and (ii) retain copies of all endorsed Settlement Checks.

11. The Court dismisses the Action against the Defendants with prejudice and without costs or fees not referenced in the Agreement, and releases the Released Class Claims (as defined in the Agreement) against Defendants.

12. The Court retains jurisdiction over the interpretation and implementation

of the Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of the Agreement and of the settlement contemplated thereby.

IT IS SO ORDERED.

Dated this 15th day of July, 2021.

_____

Ann Aiken

United States District Judge